UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BOYZO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No. 17-cv-04154-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 109 |

## I.  INTRODUCTION

Plaintiff filed this action in Santa Clara Superior Court, asserting claims against Defendant FCA U.S. LLC ("FCA") under the Song Beverly Consumer Warranty Act ("Song Beverly Act"), Cal. Civ. Code sections 1790, *et seq.* Defendant removed the action to this Court on the basis of diversity jurisdiction and the parties eventually entered into a settlement agreement. Plaintiffs now bring a Motion for Attorneys' Fees, Costs and Expenses ("Fee Motion") as the prevailing parties under California Civil Code section 1794(d). The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED in part and DENIED in part.[1]

## II.  BACKGROUND

### A.  Factual Background

On March 6, 2013, Plaintiffs Jesus and Maria Boyzo purchased a new 2013 Dodge Grand Caravan that was equipped with a Totally Integrated Power Module known as the TIPM-7. Boyzo Complaint ¶¶ 9, 12. They alleged in their complaint that the vehicle had serious defects and that

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

they took it in for repair on numerous occasions but the problems were not fixed. *Id*. ¶¶ 10, 15, 16, 96-98.  They sued FCA, the manufacturer of their vehicle, in an action filed in state court on March 30, 2017.  *See* Notice of Removal, Ex. A.  In their complaint, Plaintiffs asserted claims for breach of express and implied warranties in violation of the Song Beverly Act and fraudulent inducement.

On June 6, 2017, FCA offered to settle the case for $50,000.  Shepardson Opposition Decl. ¶ 4 & Ex. A.  Plaintiffs did not accept the offer and FCA removed to federal court on July 21, 2017.  The Court dismissed the fraudulent inducement claim on summary judgment and granted FCA's motion to exclude certain testimony by Plaintiffs' experts in an order dated March 11, 2019.  The parties then proceeded to prepare for trial, filing their pretrial materials on April 10, 2019 and April 18, 2019.  On May 9, 2019, the parties filed a notice that they had reached a settlement.  Docket No. 91.  On July 18, 2019, the Court entered a stipulated final judgment subject to a reservation of right to appeal as to the fraudulent inducement claim. Docket No. 100 ("Stipulated Judgment").  Under the Stipulated Judgment, FCA agreed to pay Plaintiffs restitution in the amount of $36,592 and Plaintiffs had the right to bring a motion for attorneys' fees and costs.  *Id*.

Plaintiffs filed their Fee Motion and Bill of Costs on September 26, 2019.  Docket Nos. 108 & 109.  Because they missed the 14-day deadline for filing the motion and bill of costs under Civil Local Rule 54, Plaintiffs first filed a motion for an extension of time to file their motion, which the Court granted.  Docket No. 105.  Although the docket entry for the Court's order extending time set briefing dates (in bold), FCA's counsel failed to calendar the opposition brief deadline, which it filed eleven days late, on October 22, 2019.  The parties did not file a stipulation extending Plaintiffs' deadline to reply; nor did Plaintiffs request an extension.  Plaintiffs filed their reply brief on October 25, 2019, a week after the deadline set by the Court.[2]

---

[2] Plaintiffs now ask the Court to disregard FCA's opposition brief because it was filed late and they did not have sufficient time to prepare their reply brief.  As there is no evidence that Plaintiffs asked FCA to stipulate to an extension of time to file their reply and Plaintiffs did not ask the Court for an extension of that deadline, the request is DENIED.  This is just one of many examples of what appears to be a toxic relationship between the parties' attorneys resulting in disputes the parties should have been able to resolve themselves but instead required Court

Presently before the Court is Plaintiffs' Fee Motion.  In the parties' moving papers, they dispute: 1) the reasonableness of the time spent by Plaintiffs' counsel; 2) the reasonableness of the rates requested by counsel; 3) whether Plaintiffs' counsel should be awarded an enhancement of the lodestar amount; and 4) whether the costs Plaintiffs seek are reasonable.[3]  Because the Court has provided significant guidance on all of the issues raised in Plaintiffs' Fee Motion in the three fee orders it has already issued in the related cases,[4] the Court encouraged counsel to engage in settlement discussions regarding fees and costs.  *See* Docket No. 120 (Minutes of February 28, 2020 Case Management Conference).   In a notice filed March 12, 2020, the parties informed the Court that they have been unable to resolve their disputes.  Docket No. 121.

## III. ANALYSIS

### A. Legal Standard

In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees.  *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  Under California law, buyers who prevail in an action under the Song Beverly Act are entitled to "the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code section 1794(d).  A party is a prevailing party if the court, guided by equitable principles, decides that the party has achieved its "main litigation objective."  *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140, 150–51 (2006); *see also Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1262 (2012) (holding that "consumers who successfully

---

intervention. The conduct of the parties' attorneys has wasted judicial resources and falls below the standards of civility that are expected under the Court's Guidelines for Professional Conduct.

[3] FCA filed separate objections to evidence when it filed its opposition brief.  Likewise, Plaintiffs filed separate objections to FCA's opposition.   The Court does not consider these objections because they are not in compliance with Civil Local Rule 7-3 (a) & (c), requiring that objections be contained within the brief.

[4] In particular, the Court has issued the following fee orders in the related cases: 1) Case No C-17-4042 JCS, *O'Brien v. FCA*, Docket No. 96, filed October 18, 2018 ("*O'Brien* Fee Order");  2) Case No. C-17-1458 JCS, *Bratton v. FCA*, Docket No. 92, filed October 22, 2018 ("*Bratton* Fee Order");  3) Case No. C-17-1532 JCS, *Base v. FCA*, Docket No. 108, filed September 25, 2019 ("*Base* Fee Order"), collectively, "the Fee Orders." Because those orders addressed virtually every argument raised in the instant motion, the Court's discussion here will be brief.

achieve the goals of their litigation through a compromise agreement" may recover attorneys' fees and costs as prevailing parties under the Song Beverly Act).

California courts have found that in awarding fees under the Song Beverly Act, the trial court must "make an initial determination of the actual time expended; and then [must] ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). In evaluating the reasonableness of counsel's charges, the court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved." *Id*. The prevailing party has the burden of showing that the attorneys' fees it requests are reasonable. *Id*.

The "[l]odestar analysis is generally the same under California law and Federal law." *Rodriguez v. Cnty. of Los Angeles*, 2014 WL 8390755, *2 (C.D. Cal. Dec. 29, 2014).

**B.    Lodestar Amount**

  **1.  Reasonable Rates**

Plaintiffs seek fees incurred in this case by fifteen attorneys and one paralegal. With the exception of attorneys Lauren Martin, Kevin Jacobson and Cynthia Tobisman (whose rates are discussed below), the Court has already determined the reasonable rates of all of these individuals in the Fee Orders and it uses those rates here to calculate the lodestar amount. Those rates are as follows:

<u>Knight Law</u>

- Steve Mikhov:  $500/hour
- Amy Morse:  $350/hour
- Christopher Swanson:  $350/hour
- Deepak Devabose:  $250/hour
- Diane Hernandez:  $375/hour
- Kristina Stephenson-Cheang:  $350/hour
- Mitch Rosensweig:  $325/hour
- Russell Higgins:  $400/hour

4

HDMN

- Sepehr Daghighian: $490 for work performed through December 31, 2018; $500 for work performed on or after January 1, 2019.[5]
- Larry S. Castruita: $300/hour for work performed in 2017; $350/hour for work performed on or after January 1, 2018
- Erik K. Schmidt: $275/hour
- Asa O. Eaton: $225.00/hour
- Andrea Plata (paralegal): $75.00/hour

Previously, the Court declined to award fees for work performed by Lauren Martin because Plaintiffs did not provide sufficient information about her qualifications. *See Base* Fee Order at 9. Plaintiffs have now provided additional information about Martin's qualification, *see* Daghighian Decl. ¶ 8. Like Asa Eaton, she is a graduate of Southwestern Law School and was admitted to practice in California in 2017. Accordingly, the Court awards the same rate for Martin as for Eaton, that is, $225/hour. The Court also awards a rate of $225/hour for work performed by Kevin Jacobson, who is a graduate of Loyola Law School, in Los Angeles, and was admitted to practice in California in 2018. Daghighian Decl. ¶ 7. Finally, the Court has reviewed the qualifications of attorney Cynthia Tobisman, who graduated from Berkeley Law in 1998 and has extensive experience in appellate practice, and finds that the requested rate of $650/hour is reasonable. *See* Tobisman Decl. ¶¶ 2, 3 & 6.

### 2. Reasonable Time

Plaintiffs have provided time sheets reflecting the following time billed by the individuals listed above employed by Knight Law Group: Amy Morse 21.9 hours; Christopher Swanson 7.9

---

[5] In the *Base* Fee Order, the Court found that Daghighian's rate of $490/hour for work billed before January 1, 2019 was reasonable but did not reach whether the rate of $550/hour for work performed after that date was reasonable because Daghighian had not billed any time in that case for work performed after December 31, 2018. *See Base* Fee Order at 8. In this case, on the other hand, HDMN did bill for work completed in 2019 and therefore the Court must reach this question. The Court now finds based on the qualifications set forth in the Daghighian Declaration and the Court's own familiarity with prevailing rates in the Northern District of California that $550/hour is somewhat high for an attorney with Daghighian's qualifications in this practice area. Rather, the Court finds that a rate of $500/hour for work performed after December 31, 2018 is reasonable.

hours; Deepak Devabose 4.3 hours; Diane Hernandez 18.0 hours; Kristina Stephenson-Cheang 18.3 hours; Mitch Rosensweig 31.1 hours; Russell Higgins 4.6 hours; Steve Mikhov 7.1 hours. Mikhov Decl., Ex. A. HDMN also provided timesheets for its attorneys, though it did not provide a breakdown of the time billed by each timekeeper. *See* Daghighian Decl., Ex. A. By the Court's tally, the hours billed for each HDMN timekeeper are as follows: Sepehr Daghighian 3.75 hours; Larry S. Castruita 8.65; Erik K. Schmidt 21.25; Asa O. Eaton 8.5 hours; Lauren Martin 16.25 hours; Kevin Jacobson 13.75 hours; Andrea Plata 2.75. Finally, attorney Cynthia Tobisman provided a declaration and time sheets reflecting that she billed 11.2 hours in this matter. Tobisman Decl., Ex. A.

The Court has reviewed the billing records and finds the time billed to be reasonable with the exception of the time billed for "anticipated" work. As the Court held in its previous Fee Orders, it will not award fees for "anticipated time" spent on the reply. Rather, any time billed must be supported by a declaration establishing the amount of time that was actually billed for the work. Despite the Court's previous rulings, Plaintiffs did not submit a supplemental declaration in support of their reply brief documenting the time they spent drafting the reply brief. Moreover, the Court did not hold a hearing on the Fee Motion and therefore, no "anticipated" time for attending a hearing is warranted. Therefore, the Court reduces the hours for Sepehr Daghigian by 3 hours and the hours for Kevin Jacobson by 6.5 hours.

The Court again rejects FCA's argument that the time billed is excessive because Plaintiffs used too many attorneys and their counsel was not local. The billing records in this case, like the related cases, reflect that most of the hours billed in the case were by the associates, whose rates were lower than lead counsel's; nor is the time billed for communications and conferences between Plaintiffs' fifteen attorneys excessive. Therefore, the Court declines to second-guess the staffing choices of Plaintiffs' counsel. Likewise, the time spent on travel is not excessive and FCA's argument that Plaintiffs' fees would have been lower if the managing partner in Knight Law Group's Oakland office had handled court appearances in this case is speculative. The Court has no information that would allow it to conclude that this attorney was available during the relevant period (or even, if this branch office of Knight Law Group existed). Even if she was, the

Court has no information about her hourly rate and so it cannot determine if this would have resulted in lower overall fees. Finally, the Court rejects FCA's request that the Court reduce Plaintiff's time because of the 15-minute billing increments used by HDMN. While this practice seems unadvisable, the Court has reviewed HDMN's time sheets in this case and does not find quarter-hour time entries for tasks that obviously should have taken less time.

Accordingly, the Court awards the following amounts:

Amy Morse: 21.9 hours x $350/hour = $7,665

Christopher Swanson 7.9 hours x $350/hour = $2,765

Deepak Devabose: 4.3 hours x $250/hour = $1,075

Diane Hernandez: 18.0 hours x $375/hour = $6,750

Kristina Stephenson-Cheang: 18.3 hours x $350/hour = $6,405

Mitch Rosensweig: 31.1 hours x $325/hour = $10,107.50

Russell Higgins: 4.6 hours x $400/hour = $1,840

Steve Mikhov: 7.1 hours x $500/hour = $3,550

Sepehr Daghighian: .75 hours x $500/hour = $375

Larry S. Castruita:  (8.15 hours x $350)[6]  + (.5 hours x $300) =  $3,002.50

Erik K. Schmidt: 21.25 hours x $275/hour = $5,843.75

Asa O. Eaton:   8.5 hours x $225/hour = $1,912.50

Lauren Martin: 16.25 hours x $225/hour = $3,656.25

Kevin Jacobson:  7.25 hours x $225/hour = $1,631.25

Cynthia Tobisman: 11.2 hours x $650/hour = $7,280

Andrea Plata:  2.75 x $75/hour = $206.25

TOTAL LODESTAR:    $64,065.00

**C.    Whether a Multiplier is Warranted**

California courts have held that the Song Beverly Act permits the trial court to award a

---

[6] Despite HDMN's practice of billing in 15-minute increments, one time entry for Larry Castruita deviates from that practice, billing for 2.9 hours. As a result, the time he billed at the $350/hour rate is not a multiple of .25.

1  multiplier where it deems appropriate under the lodestar adjustment method. *Robertson v.*

2  *Fleetwood Travel Trailers of California, Inc*., 144 Cal. App. 4th 785, 819 (2006) (citing *Ketchum*

3  *v. Moses*, 24 Cal. 4th 1122, 1132 (2001)). In *Ketchem*, the California Supreme Court explained:

> [T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. . . . The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.

*Ketchum v. Moses*, 24 Cal. 4th at 1132 (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). A court may also, "for an appropriate reason," make a downward adjustment under the lodestar adjustment method, for example where the court finds that time billed was excessive or that the tasks performed were in connection with unrelated claims upon which the party did not prevail. *Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 161 (2006). It is improper, however, to limit a fee award under the Song Beverly Act to a percentage of the prevailing party's recovery.  *Id*. at 164.

The Court declines to award a multiplier. This case did not involve complex issues and the results obtained by counsel were unimpressive. Rather than reflecting extraordinary skill, Plaintiffs' fifteen attorneys litigated this case for two years only to obtain a settlement that was less advantageous to the Boyzos than the settlement offer that FCA made at the outset of the case. Nor is there any evidence that taking this case on a contingent basis involved significant risk or prevented counsel from taking on other cases. As the Court held in *Base*, *O'Brien* and *Bratton*, no multiplier is warranted.

### D. Costs

Plaintiffs seek $16,841.47 in costs. *See* Mikhov Decl., Ex. B (Bill of Costs). In particular, they request: 1) the filing fee ($435); 2) fees for service of summons ($121.85); 3) expert witness fees ($140); 4) jury fees ($300); 5) deposition costs ($4,956.35); 6) expert witness costs

($8,371.57); 7) exhibit copies ($221.32); 8) attorney filing and messenger service ($709.03); 9) mediation ($104.16); 10) CourtCall ($30); 11) overnight courier ($337.60); 12) travel ($765.98); and 12) interpreter ($348.60). FCA does not challenge the adequacy of the documentation supplied in support of Plaintiffs' costs but argues as to many of them that they should not be awarded because they are not allowable under Civil Local Rule 54-2 or 28 U.S.C. § 1920. *See* FCA US LLC's Objections to Plaintiffs' Bill of Costs ("Objections"), Docket No. 113. The Court rejected this argument in its previous Fee Orders, addressing it at length in the *Bratton* Fee Order. For the reasons stated therein, the Court again rejects FCA's argument and finds that Plaintiffs are entitled under the Song Beverly Act to all reasonable costs of litigation.

The Court also rejects FCA's objections to the reasonableness of Plaintiffs' costs, which duplicate the objections they asserted to the costs requested in *Base*, *O'Brien*, and *Bratton*. The Court has reviewed the costs requested by Plaintiffs in their Bill of Costs and finds them to be reasonable. Accordingly, the Court awards $16,841.47 in costs.

### IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED in part and DENIED in part. The Court awards $80,906.47, that is, $64,065.00 in attorneys' fees and $16,841.47 in costs.

**IT IS SO ORDERED.**

Dated: April 20, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

9